## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

LISA CHESTNUT,

       PLAINTIFF,

v.                           CASE NO.:

TRANE TECHNOLOGIES,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Lisa Chestnut, (hereinafter referred to as the "Plaintiff" or "Chestnut"), by and through the undersigned counsel, sues the Defendant, Trane Technologies. (hereinafter referred to as the "Defendant" or "Trane"), and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this action for discrimination and interference in violation of her federally protected rights under the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654; and Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; and the Florida Workers' Compensation Retaliation Statute - § 440.205, Florida Statutes.

### JURISDICTION AND VENUE

2.    The jurisdiction of the Court over this controversy is invoked pursuant

to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

3.      Defendant is considered an employer within the terms and conditions of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Panama City, Florida worksite.

4.      Plaintiff worked for Defendant from August 26, 2013 until June 9, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least twelve (12) months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5.      The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6.      This action lies in the Northern District of Florida, Panama City Division, because the action arose in this judicial district.

7.      Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On July 6, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.:

2

202230182) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D-2021-00721). On December 29, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3).  Plaintiff thereafter requested her ninety (90) day Notice of Right to Sue letter from the EEOC which was not received until March 25, 2022.

## PARTIES

8.     Plaintiff a citizen of the State of Florida who resides in Bay County, Panama City, Florida.

9.     Defendant, Trane Technologies, is a private for-profit business that is licensed to do and does business in the Panama City, Bay County.

## FACTS

10.    Plaintiff is a 64-year-old Caucasian female.

11.    Plaintiff was employed Defendant from August 26, 2013, until June 9, 2021, as a Production Tech.

12.    During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

13.     On April 7, 2021, Plaintiff fell at work and suffered a distal radius fracture of her right wrist.

14.    Plaintiff was taken to the hospital by the company nurse.

15.    The next day Plaintiff asked her supervisor about workers'

compensation.

16.    Plaintiff's supervisor denied her request because her supervisor wanted Plaintiff to come back to work.

17.    Plaintiff was not able to see a doctor for a follow-up appointment until a week later, at which time she was informed that the break was so bad it would require surgery.

18.    On April 22, 2021, Plaintiff underwent a four (4) hour surgery where several pins and a steel plate were inserted into her wrist.

19.    Defendant was kept in the loop as to everything that was going on with Plaintiff's surgery and recovery.

20.    Defendant's company nurse even attended Plaintiff's doctor's appointments and coordinated with Defendant's third-party administrator regarding workers' compensation benefits.

21.    Plaintiff requested time off to heal and rehab her arm following the surgery.

22.    Plaintiff's requests were denied and informed that any absences would be unexcused.

23.    Plaintiff was denied FMLA or an accommodation following her injury and surgery.

24.    On June 9, 2021, sixty-three (63) days after Plaintiff's workplace

injury , she was terminated for unexcused absences per company guidelines.

## FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

25.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 24 of this complaint with the same force and effect as if set forth herein.

26.    The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

27.    At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

28.    As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

29.    Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

30.    Plaintiff suffered from distal radius fracture that required insertion of

pins and steel plates in her wrist.

31.    The radius is one of two forearm bones and is located on the thumb side. The part of the radius connected to the wrist joint is called the distal radius. When the radius breaks near the wrist, it is called a distal radius fracture.

32.    Plaintiff's fractured distal radius limited her mobility and ability to conduct daily life activities such as self-care or lifting.

33.    Plaintiff's fractured distal radius significantly limiting her ability to lead a normal life, and sustain a sense of well-being.

34.    Plaintiff's fractured distal radius is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

35.    Plaintiff's fractured distal radius substantially limited her ability to perform the major life functions of self-care, working, lifting and working.

36.    Upon learning of Plaintiff's fractured distal radius and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff to determine the reasonableness of her requested accommodation.

37.    Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's fractured arm and surgery, nor did Defendant "explore potential accommodations" to overcome

those limitations.

38.    Defendant's    termination    and    disqualification    of    Plaintiff's
employment on June 9, 2021, just sixty-three (63) days after her injury, on the
basis of her disability and Defendant's failure to make a good faith individual
assessment to determine whether Plaintiff could be employed or whether a
reasonable accommodation would enable her to be employed by Defendant,
violated the ADA.

39.    Any possible assertion that there was a viable business justification
for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for
Defendant's retaliation and discrimination against her for engaging in a protective
activity and for any actual or perceived disability.

40.    The adverse personnel action, the termination of Plaintiff's
employment, clearly violated her statutory protected rights and constituted a
prohibited employment practice, contrary to the public policy of the under the
Americans with Disabilities Act (ADA).

41.    As a result of the Defendant's violations of the ADA, Plaintiff has
been substantially damaged, in that she has lost wages, associated job benefits; and
in addition, she has sustained compensatory damages, based upon mental,
psychological and emotional distress, and anxiety from difficult economic
circumstances, resulting from her unlawful discharge.

## SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

42.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 7 through 24 of this complaint with the same force and effect as if set forth herein.

43.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

44.     Defendant terminated and disqualified Plaintiff from her employment in retaliation for questioning and objecting to Defendant's failure to discuss her accommodation requests and for requesting an accommodation.

45.     Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

46.     When Plaintiff provided Defendant with sufficient information regarding her fractured distal radius and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

47.     Plaintiff questioned and objected to Defendant's failure to reasonably discuss her accommodation requests.

48.     Defendant's June 9, 2021, termination and disqualification of Plaintiff's employment was in retaliation for her seeking a good faith

accommodation, her objecting to Defendant's discriminatory practices regarding her disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

49.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

## THIRD CAUSE OF ACTION
### (FMLA INTERFERENCE)

50.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 8 through 24 of this complaint with the same force and effect as if set forth herein.

51.     "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

52.     Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

53.     At the time of Plaintiff's termination, Defendant had more than sufficient knowledge that Plaintiff was entitled to FMLA leave.

54.     Defendant had more than sufficient knowledge that her fractured arm

9

and surgery were a serious health condition and an FMLA-qualifying medical condition.

55.   Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

56.   Defendant should have notified Plaintiff of her eligibility to take FMLA leave for her broken arm and surgery within five business days.

57.   The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

58.   Defendant never provided Plaintiff with any type of written notice regarding her FMLA rights related to her broken arm and surgery, thus interfering with and denying her substantive rights under the FMLA.

59.   Defendant terminated Plaintiff for poor attendance and absences which were related to her FMLA qualifying broken arm and surgery.

*60.*   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

61.   Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

## THIRD CAUSE OF ACTION
(FMLA RETALIATION)

62.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 8 through 24 of this complaint with the same force and effect as if set forth herein.

63.     It shall be unlawful for any employer to retaliate against an employee for exercising or attempting to exercise, any right provided under the FMLA.

64.     Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

65.     At the time of Plaintiff's termination, Defendant had more than sufficient knowledge that Plaintiff was entitled to FMLA leave.

66.     Defendant had more than sufficient knowledge that her broken arm and surgery were a serious health condition and an FMLA-qualifying medical condition.

67.     Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave after Plaintiff returned her FMLA paperwork.

68.     The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

69.     Defendant never provided Plaintiff with any type of written notice

11

regarding her FMLA rights related to her broken arm and surgery.

70.    Defendant terminated Plaintiff after having submitted her FMLA paperwork for poor attendance and absences which were related to her FMLA qualifying her broken arm and surgery.

71.    Plaintiff's termination was in retaliation for exercising her statutory protected rights under the FMLA.

72.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

73.    Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

### FOURTH CAUSE OF ACTION
(*FLA. STAT. § 440.205 Florida Workers' Compensation Retaliation Claim*)

74.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 8 through 24 of this complaint with the same force and effect as if set forth herein.

75.    Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Workers' Compensation Law. FLA. STAT. § 440.205.

76.    Florida's Workers' Compensation Law ("§ 440.205") sets forth that: No employer shall discharge, threaten to discharge, intimidate, or coerce any

employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

77.   Plaintiff made a valid claim for compensation.

78.   Plaintiff engaged in protected activity when she reported to Defendant and thereafter attempted to claim compensation for a work-related injury.

79.   In retaliation, Defendant proceeded to harass, threaten to discharge, intimidate, coerce and ultimately did discharge Plaintiff for engaging in the protected act of notifying and requesting workers compensation benefits.

80.   Defendant's harassing, intimidating threating and coercive text messages were in direct response to Plaintiff having reported her work-related injury and having requested workers' compensation benefits as a result.

81.   Defendant's action were solely retaliatory in nature and any stated legitimate business reasons for Plaintiff's termination are pretextual as Defendant harassed, intimidated, coerced, threaten to discharge, and ultimately did discharge Plaintiff for engaging in the protected act of notifying and requesting workers' compensation benefits.

82.   Defendant's actions were with malice and with reckless disregard for Plaintiff's statutorily protected rights.

83.   Defendant terminated Plaintiff on June 9, 2021, sixty-three (63) days after Plaintiff's workplace injury and request for workers' compensation benefits.

84.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relied.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of the FMLA; ADA and Workers' Compensation Law. FLA. STAT. § 440.205;

b)    Enjoining and permanently restraining those violations of the FMLA; ADA Workers' Compensation Law. FLA. STAT. § 440.205;

c)    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA; FMLA and Workers' Compensation Law. FLA. STAT. § 440.205;

e)    Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make

her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA; FLA. STAT. § 440.205;

f)      Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA and FLA. STAT. § 440.205;

g)      Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA; FMLA and FLA. STAT. § 440.205;

h)      Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

i)      Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

j)      Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: June 15, 2022.          By: */s/ Clayton M. Connors*
                               CLAYTON M. CONNORS
                               Florida Bar No.: 0095553
                               Email: cmc@westconlaw.com

**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff